UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED Rec'd 7/12/12
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 11 2012 ★

BROOKLYN OFFICE

-----------------------------------------------------------------x

RASHAAN BROWN,

                Petitioner,

      v.

JAMES T. CONWAY, Warden,
Attica Correctional Facility,

            Respondent.

-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
08 CV 1780 (MKB)

BRODIE, United States District Judge:

      Petitioner Rashaan Brown brings the above-captioned petition pursuant to 28 U.S.C.

§ 2254, in which he alleges that he is being held in state custody in violation of his federal

constitutional rights. Petitioner's claims arise from a judgment of conviction after a jury trial in

New York Supreme Court, Kings County, for manslaughter in the first degree. Petitioner was

sentenced as a second felony offender to a prison term of 19 years, followed by five years of

post-release supervision, pursuant to N.Y. Penal Law § 70.00. Petitioner appealed his conviction

to the New York Appellate Division, Second Department, raising three claims. Petitioner argued

that his right to due process, his right to a fair trial, and his right to present a defense under the

Fifth, the Sixth, and the Fourteenth Amendments were denied by the trial court's failure to

charge the jury on justification. The Appellate Division found that Petitioner's claims were

unpreserved for appellate review and affirmed his conviction. *People v. Brown*, 822 N.Y.S.2d

718 (App. Div. 2006). In a letter to the New York Court of Appeals requesting leave to appeal,

Petitioner raised an ineffective assistance of counsel claim under the Sixth Amendment for the

first time. Petitioner did not raise the right to due process, right to a fair trial, and right to present a defense claims in his letter requesting leave to appeal. The New York Court of Appeals denied leave to appeal. *People v. Brown*, 8 N.Y.3d 878 (2006). Petitioner raises an ineffective assistance of counsel claim in the instant petition. For the reasons set forth below, the petition is denied.

## I. Background

The evidence at trial showed that on February 23, 2002, Petitioner attended a party at a house on Atkins Street and Blake Avenue in Brooklyn, New York. (Pet'r Appellate Br. 5.) After the party, a fight broke out between Petitioner and his friends and another group of men that included Shawn Moore. *Id.* at 8. At approximately 2:20 A.M. on February 24, 2002, in front of 353 Berriman Avenue in Brooklyn, the Petitioner stabbed Moore, who was unarmed, with a knife. (Resp't Aff. ¶ 4.) The knife cut through Moore's leather jacket into his chest. *Id.* As a result of the stabbing, a three and one-half inch incision was created and perforated Moore's heart, killing him. *Id.* The police spent approximately eight months trying to locate Petitioner, who was finally apprehended in Queens and transported to the 75th Precinct in Brooklyn on November 1, 2002. (Pet'r Appellate Br. 9.) On that same day, Petitioner was identified in a line-up at the 75th Precinct. (Resp't Aff. ¶ 5.) Subsequently, during a police interview, Petitioner waived his Miranda rights and orally and in a written statement confessed to stabbing Moore. *Id.* at ¶ 5.

Petitioner was charged with two counts of murder in the second degree and criminal possession of a weapon in the fourth degree. *Id.* at ¶ 6. Petitioner's jury trial, in New York State Supreme Court, Kings County, began in March 2004. *Id.* at ¶ 7. During a colloquy, Petitioner's counsel alerted the trial court that he may seek a justification charge at the end of the trial,

2

depending on the evidence presented at the trial. (Tr. 293-94.) The court responded that it did not believe justification was warranted where an armed man stabs an unarmed man, but counsel was free to brief the issue and raise it at the charge conference. *Id.* at 294-95. Petitioner later took the stand and testified that he had not intended to stab Moore. *Id.* at 381. Petitioner testified that, in the middle of a fight, he quickly turned around with the knife in his hand and Moore jumped onto the knife. *Id.* At the charging conference, Petitioner's counsel requested that the judge charge the jury on manslaughter in the first and second degree. *Id.* at 464-66. Petitioner's counsel argued "that there's a view of the evidence that it was an accident." *Id.* The court was persuaded by counsel's argument and charged the jury on both manslaughter in the first and second degree, along with the indicted charges of two counts of murder in the second degree and criminal possession in the fourth degree. *Id.* at 467. Petitioner's counsel did not request a justification charge at the charging conference. *Id.* at 463-71. The jury returned a verdict of guilty of manslaughter in the first degree. (Resp't Aff. ¶ 7.) On August 6, 2004, the trial court sentenced Petitioner, as a second felony offender, to a prison term of 19 years, followed by five years of post-release supervision. *Id.* at ¶ 8.

Represented by new counsel, on January 6, 2006, Petitioner filed an appeal of his conviction in New York State Supreme Court, Appellate Division, Second Department. *Id.* at ¶ 9. Petitioner's appellate brief argued that his right to due process, his right to a fair trial, and his right to present a defense under the Fifth, the Sixth, and the Fourteenth Amendments were denied by *the trial court's failure* to charge the jury on justification. (Pet'r Appellate Br. 15.) ("Because of *the court's error*, the jury never had an opportunity to pass on appellant's justification defense." (emphasis added)). The Appellate Division found that Petitioner's claims were unpreserved for appellate review and affirmed his conviction. *People v. Brown*, 822

3

N.Y.S.2d at 718. The Appellate Division held that even if the claims had been preserved, "the Supreme Court properly denied [Petitioner]'s request for a justification charge since no reasonable view of the evidence supported such a charge." *Id.* at 718. The Appellate Division's reasoning relied on the fact that Petitioner "stabbed the victim through the chest and heart, when the victim was unarmed, and the defendant had no reason to believe that the victim was carrying a weapon or was about to use deadly physical force against him." *Id.* In a letter dated December 21, 2006, Petitioner wrote to Judge Graffeo of the New York Court of Appeals, seeking leave to appeal under the theory that Petitioner's trial counsel's failure to ask for justification at the charging conference resulted in ineffective assistance of counsel. (Pet.'r Br., Ex. 1.) The New York Court of Appeals denied leave to appeal. *People v. Brown*, 8 N.Y.3d at 878.

## II. Discussion

### a. Exhaustion

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is grounded in principals of comity and federalism. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *see also Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). Exhaustion also recognizes that in order for the federal court to properly decide the habeas petition a full state record is helpful. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) ("[T]he [exhaustion] requirement is based upon a pragmatic

recognition that 'federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.'" (internal citations omitted)); *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc) ("[A]dherence to the exhaustion requirement has the salutary practical effects of . . . increasing the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious[.]").

The specific claim being evoked must be readily evident on the face of the state appellate brief requesting relief. *See Baldwin v. Reese*, 541 U.S. 27, 33-34 (2004) ("[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document)[.]"). State courts must be given the opportunity to decide "the substance" of each of a petitioner's articulated claims before federal habeas review. *Gray v. Netherland*, 518 U.S. 152, 163 (1996). A broad appeal to a general constitutional guarantee or provision will be insufficient to meet this requirement. *See, e.g. Reese*, 541 U.S. at 33-34 (finding that the petitioner had to clearly articulate a claim for ineffective assistance of appellate counsel under federal law and that using the words "ineffective assistance" without more would be insufficient to exhaust claim in state court); *Gray*, 518 U.S. at 163 (holding that a general appeal to a "broad federal due process right" was insufficient to meet the exhaustion requirement and "more particular analysis" of the specific claim based on the relevant constitutional case law was required).[1]

---

[1] A petitioner may fairly present his claim to a state court by "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Jackson v. Edwards*, 404 F.3d 612, 618 (2005) (citing *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc)).

In order to meet the exhaustion requirement, a petitioner must fairly present federal constitutional claims to every appropriate state court prior to federal habeas review. *See Sullivan*, 526 U.S. at 848 ("[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." (emphasis in the original)); *Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201 (2d Cir. 2010) (A prisoner must "'fairly present' the federal claim 'in each appropriate state court[.]'" (internal citations omitted)). "[R]aising a federal claim for the first time in an application for discretionary review to a state's highest court is insufficient for exhaustion purposes." *St. Helen v. Senowski*, 374 F.3d 181, 183 (2d Cir. 2004); *see also Castille*, 489 U.S. at 351 (Habeas relief is "not justified— where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefore.'" (internal citations omitted)); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (Petitioner failed to exhaust his claim because "[p]resenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it.").

Petitioner failed to adequately exhaust his ineffective assistance of counsel claim. Petitioner, in his brief to the Appellate Division, Second Department, made broad assertions that his right to due process, right to a fair trial, and right to present a defense were violated by the *trial court's* error in denying a justification charge. (Pet'r Appellate Br. 15.) At no point in his Appellate Division brief did Petitioner allege that trial counsel had been responsible for the failure of the jury to be charged with justification. An ineffective assistance of counsel claim is not the "substantial equivalent" of the broad claims in Petitioner's Appellate Division brief. *Jones v. Keane*, 329 F.3d 290, 295-96 (2d. Cir. 2003). Thus, the Appellate Division had no

notice that Petitioner had an ineffective assistance of counsel claim. *See, e.g. Richardson*, 621 F.3d at 201 ("As the Appellate Division was not expected to look beyond [petitioner]'s brief to locate the claim . . . [petitioner] did not fairly present that claim before the Appellate Division." (internal citations omitted)); *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d. Cir. 1984) (using a constitutional "catchphrase" such as "due process" or "fair trial" "does not give rise to a specific federal constitutional claim" "sufficient to put the New York courts on notice"). It was not until Petitioner requested leave to appeal to the New York Court of Appeals that an ineffective assistance of trial counsel claim was injected into Petitioner's request for relief. Petitioner's failure to fairly present his ineffective assistance of counsel claim to the appropriate state court means that it has not been properly exhausted in the state courts.

### b. Procedural Default

As Petitioner failed to exhaust his ineffective assistance of counsel claim in state court, the claim here is procedurally barred.[2] "When a petitioner can no longer 'present his unexhausted claim of trial error to the state courts, we deem the claim procedurally barred." *Richardson*, 621 F.3d at 201 (internal citations omitted). Procedural default in state courts bars federal courts from review, unless cause and prejudice or miscarriage of justice can be demonstrated. *See Carpenter*, 529 U.S. at 452-53 (holding that procedural default bars federal habeas corpus review unless cause and prejudice or miscarriage of justice is shown); *Sweet v.*

---

[2] Petitioner mentions trial court error in his papers in support of his petition without explicitly raising his previous claims that his right to due process, right to fair trial, and right to present a defense were violated at trial. (Pet'r Br. 4.) Assuming Petitioner had explicitly raised these claims here, they would have been procedurally barred. The Appellate Division, Second Department, found these claims to be unpreserved for their review, thus, they would be procedurally barred for the purpose of federal habeas corpus review. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that "a prisoner who had *presented* his claim to state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it," had procedurally defaulted for the purposes of federal habeas review).

*Bennett*, 353 F.3d 135, 139 (2d Cir. 2003) ("Additionally, the Supreme Court has held that when a 'petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claim procedurally defaulted." citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)).

Petitioner's ineffective assistance of counsel claim is procedurally defaulted. Since Petitioner has already had one direct appeal, direct review by the Court of Appeals is no longer available. *See* N.Y. Court Rules § 500.10 (a) (authorizing only one request for review of a conviction). As Petitioner was represented by new counsel on appeal and Petitioner's basis for ineffective assistance of counsel, counsel's failure to request a jury charge for justification, was readily apparent on the trial court record, the claim could have been raised on direct appeal. *See* N.Y. Crim. Proc. Law § 440.1(2)(c) (barring review if a claim could have been raised on direct review); *Sweet*, 353 F.3d at 139-40 (the ineffective assistance of trial counsel claim was procedurally barred from review in New York state courts "where the trial record provided a sufficient basis for the ineffective assistance claim on trial counsel's failure to object to a jury charge"); *Reyes v. Keane*,118 F.3d 136, 139-40 (2d. Cir. 1997) (Petitioner's failure to raise ineffective assistance of counsel claim based on trial counsel's failure to object to a jury charge was apparent on the state record and could have been appealed on direct review and thus was procedurally barred under § 440.10(2)(c)); *see also Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (having "unjustifiably" failed to raise ineffective assistance of trial counsel on direct appeal, petitioner could not pursue the claim in a collateral attack and the claim was therefore

procedurally barred).[3] It is not sufficient for procedural default purposes that the claim was

raised on leave to appeal to the New York Court of Appeals; it had to be raised at the Appellate

Division. *See St. Helen*, 374 F.3d at 183-84 (holding a claim that had been raised in the letter

requesting leave to appeal to the New York Court of Appeals but not in the brief to the Appellate

---

[3] New York courts have denied ineffective assistance of counsel claims from § 440.00 review when there is sufficient evidence in the trial record to decide the claim and new counsel represented the petitioner on appeal because the claim could have been decided on direct appeal. *See Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir.1997) (Denial of a C.P.L. § 440.10 motion, pursuant to § 440.10(2)(c), is appropriate "where the defendant unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record."); *People v. Mobley*, 873 N.Y.S.2d 736, 737 (App. Div. 2009) (denying a § 440.10 motion for ineffective assistance of counsel where "the record presented sufficient facts to have permitted adequate appellate review of that claim"); *People v. Lou*, No. 894/91, 2010 WL 2179751, at *5 (N.Y. Sup. Ct. June 1, 2010) ("[C]ounsel's failure to object is an issue that is easily ascertainable from reading the trial transcript. . . .when an attorney's failure to object is the basis for a claim of ineffective assistance of counsel, that claim, by its very nature, will ordinarily be made for the first time on appeal. This claim should have been raised on the defendant's direct appeal, and without justification, was not. As such, consideration of this claim is barred from review." (citations omitted)); *People v. Morales*, No. 3676-99, 2010 WL 1664909, at *5 (N.Y. Sup. Ct. April 27, 2010) ("Many claims of ineffective assistance of counsel involve matters reviewable from the record, including some involving trial strategy. . . . This Court finds that defendant's instant claims, including counsel's lack of trial strategy, are reviewable from the record and accordingly should have been raised on his 2003 direct appeal. Therefore this Court is mandatorily barred from determining defendant's repugnancy and ineffective assistance claims." (citations omitted)). It was clear on the trial record that Petitioner's trial counsel did not seek a justification charge. *People v. Brown*, 822 N.Y.S.2d 718, 718 (App. Div. 2006) (finding that the claim was unpreserved by trial counsel based on failure to raise it at the charging conference). It was also equally clear that based on the trial record, a justification charge was not warranted. *Id.* ("[T]he Supreme Court properly denied [Petitioner]'s request for a justification charge since no reasonable view of the evidence supported such a charge."); *see also People v. Wynn*, 888 N.Y.S.2d 38, 40 (App. Div. 2009) ("The court properly declined to charge justification, since there was no reasonable view of the evidence, when viewed most favorably to defendant, that defendant believed, or had any reason to believe, that the victim was using or about to use deadly physical force."); *People v. Dickerson*, 889 N.Y.S.2d 199, 200 (App. Div. 2009) (justification charge not warranted where defendant killed an unarmed man). Thus, had Petitioner presented his ineffective assistance of counsel claim to the Appellate Division, it likely would have failed under the second prong of *Strickland v. Washington*, which requires a showing that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The Appellate Division on direct review was the appropriate place to raise the ineffective assistance of counsel claim.

Division could no longer be reviewed by New York state courts and was thus procedurally defaulted).

Procedurally defaulted claims are barred from habeas relief, unless the petitioner can show both cause for, and prejudice from, failure to raise the claim or that he is actually innocent. *Gray*, 518 U.S. at 163 ("If petitioner never presented this claim on direct appeal or in state habeas proceedings, federal habeas review of the claim would be barred unless petitioner could demonstrate cause and prejudice for his failure to raise the claim in state proceedings."); *Carvajal v. Artus*, 633 F.3d 95, 104-05 (2d Cir. 2011) ("When a habeas applicant fails to exhaust his federal constitutional claim in state court—and there has been no showing of cause and prejudice or actual innocence—this Court will generally be barred from granting habeas relief.").

Petitioner has failed to meet the cause and prejudice test. In his papers in support of the petition, Petitioner for the first time alleges that his failure to exhaust his ineffective assistance of trial counsel claim was due to the ineffective assistance of his appellate counsel. (Pet'r Br. 3.) However, "a claim of ineffective assistance . . . must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Carpenter*, 529 U.S. at 452 (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)); *see also Reese*, 541 U.S. at 33-34 (holding that ineffective assistance of appellate counsel must be fairly presented to state courts or it is procedurally barred). Petitioner has never presented an ineffective assistance of appellate counsel claim to the state courts. Because Petitioner has failed to exhaust his ineffective assistance of appellate counsel claim in state court, it cannot be used by Petitioner as the basis for his showing cause for his procedural default. Petitioner also fails the prejudice prong of the test. Since Petitioner was not entitled to a jury charge of justification, he cannot establish that "the procedural default . . . result[ed] in 'actual' injury and cause[d] a 'substantial

10

disadvantage, infecting the entire trial with error of constitutional dimensions.'" *Petronio v. Walsh*, 736 F.Supp.2d 640, 654 (E.D.N.Y. 2010) (quoting *Carrier*, 477 U.S. at 494); *see DiGuglielmo v. Smith*, 366 F.3d 130, 136 (2d Cir. 2004) (Where the Appellate Division had found a justification charge to the jury to be unwarranted, the petitioner was unable to show that he had been actually prejudiced by his appellate counsel's failure to raise trial counsel's failure to request justification jury charge at the New York Court of Appeals level.); *Williams v. Artus*, 691 F.Supp.2d 515, 526 (S.D.N.Y. 2010) (Petitioner had failed the prejudice prong where counsel's actions had not affected the outcome of the trial.).

Petitioner has also failed to prove a "fundamental miscarriage of justice," by arguing that he is actually innocent of the crime charged. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (A demonstration that fundamental miscarriage of justice would occur if a petitioner's habeas application was not granted is established by a showing of the petitioner's "actual innocence."); *Carvajal*, 633 F.3d 95, 108 n. 9 ("Actual innocence means 'factual innocence, not mere legal insufficiency.'" (quoting *Bousely v. United States*, 523 U.S. 614, 623 (1998))); *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) ("A *habeas* petitioner may bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime for which he has been convicted."). A successful actual innocence claim requires a petitioner to offer exculpatory evidence supporting his innocence, which makes it "more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup*, 513 U.S. at 327-28). Petitioner provides no evidence supporting his actual innocence.

**Conclusion**

For the foregoing reasons, the petition for habeas corpus under 28 U.S.C. § 2254 is denied and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 11, 2012
Brooklyn, NY

S/Judge Brodie

MARGO K. BRODIE
United States District Judge